# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2022

Lyle W. Cayce
Clerk

No. 21-40542

John Louis Atkins,

*Plaintiff—Appellant*,

*versus*

Julie D. Bales; Michael D. McNeil; William M. Wheat,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CV-600

Before Southwick, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

John Louis Atkins, Texas prisoner # 2184778, moves for leave to proceed in forma pauperis (IFP) on appeal of the dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. By moving for leave to proceed IFP on appeal, Atkins is challenging the district court's

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In support of his IFP motion, Atkins reiterates his claim that his right to due process was violated when the defendants allegedly failed to provide him with a written statement of the facts and evidence in support of the disciplinary ruling and that *Heck v. Humphrey*, 512 U.S. 477 (1994), does not bar his claim. He fails to demonstrate a nonfrivolous issue for appeal with respect to any other claims rejected by the district court.

The district court correctly determined that none of the punishments that Atkins received following his prison disciplinary conviction implicate due process concerns, *see Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010), and his argument regarding the district court's alternative analysis based on *Heck* does not present a nonfrivolous issue for appeal, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Atkins has not demonstrated any other nonfrivolous issues for appeal. Accordingly, his motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Atkins's complaint for failure to state a claim upon which relief may be granted and the dismissal of this appeal as frivolous count as strikes under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Atkins is CAUTIONED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).